# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

STATE OF WISCONSIN LOCAL
GOVERNMENT PROPERTY
INSURANCE FUND,

          Plaintiff,

v.

LEXINGTON INSURANCE COMPANY,
THE CINCINNATI INSURANCE
COMPANY, and MILWAUKEE
COUNTY,

          Defendants.

Case No. 15-CV-142-JPS

**ORDER**

---

On February 3, 2017, Defendant Lexington Insurance Company ("Lexington") filed a motion to dismiss a portion of the complaint. (Docket #53). Plaintiff State of Wisconsin Local Government Property Insurance Fund (the "Fund") opposed the motion February 24, 2017. (Docket #63). Lexington replied in support of its motion on March 10, 2017. (Docket #67). The motion is fully briefed and, for the reasons explained below, it will be denied.

Lexington has moved to dismiss the Fund's third claim for relief, titled "Bad Faith," pursuant to Federal Rule of Civil Procedure 12(b)(6). This Rule provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that

possibility above a speculative level[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted).

In reviewing the Fund's complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* at 480-81. However, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.

Accepting the truth of the Fund's well-pleaded allegations and drawing all reasonable inferences in its favor, the relevant facts are as follows. The Fund insured, *inter alia*, the Milwaukee County courthouse located at 901 North 9th Street. (Docket #1-2 at 2). The Fund then purchased a reinsurance policy from Lexington. *Id.* at 2-3. On July 6, 2013, a fire in the courthouse caused an estimated $18 million dollars in damage. *Id.* at 14-15.

The Fund manager made a determination of the loss and advanced payment to Milwaukee County. *Id.* at 8. Thereafter, the Fund made a claim on the Lexington policy. *Id.* at 16. Lexington has, to-date, paid five million dollars on the claim. *Id.* From July 2013 to November 2014, the Fund repeatedly requested that Lexington confirm coverage and pay the remainder of the claim. *Id.* Lexington failed to do so. *Id.* Instead, in November 2014, it produced an expert report on the cause of the fire (the "Report"), which placed blame on causes excluded from coverage under Lexington's policy. *Id.* at 17. The Report was accompanied by a letter denying any further coverage. *Id*. The Fund takes issue with the Report's conclusions. *Id.*

The Fund further alleges a host of bad faith conduct by Lexington independent of Lexington's ultimate coverage determination. *Id.* at 22-23. The

Fund focuses on Lexington's alleged delaying tactics and its attempt to change the scope of its policy *post hoc*. *Id.* at 17-18, 22-23. The Fund's bad faith count alleges that, for all of the reasons stated in the complaint, Lexington's failure to pay the full amount of the Fund's claim lacked a reasonable basis and was done willfully and in reckless disregard of the Fund's rights. *Id.* at 24.

A claim for bad faith in failing to pay insurance benefits requires 1) "the absence of a reasonable basis for denying benefits of the policy," and 2) "the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Anderson v. Continental Ins. Co.*, 271 N.W.2d 368, 376 (Wis. 1978). The first element is negated when coverage was "fairly debatable" by the insurer. *Id.* at 377. Coverage is fairly debatable when the facts "show the absence of a reasonable basis for denying the claim, *i.e.*, would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts and circumstances." *Id.* This includes a consideration of whether the "claim was properly investigated and whether the results of the investigation were subjected to a reasonable evaluation and review." *Id.*

Lexington acknowledges that the Fund pleads that its conduct constitutes bad faith; namely, "[t]he Fund . . . alleges that Lexington's position with regard to coverage was without any reasonable basis in fact or law and Lexington knew or should have known that its position lacks any reasonable basis in fact or law." (Docket #54 at 6). However, Lexington counters that these allegations are negated by the Report, which supports Lexington's denial of coverage. *Id.* at 8. Further, the Report stands uncontradicted and thus, Lexington argues, provided the requisite reasonable basis to deny the claim. *Id.* In Lexington's own words,

> [h]ow can the Fund demonstrate that Lexington's position was objectively unreasonable when it can't even allege with certainty, but merely upon information and belief, that the cause of the event and damage was something other than what has been opined by Lexington's investigating experts?. . . It can't, and no rational trier-of-fact could find, by clear and convincing evidence, that the claim was not "fairly debatable" at the time Lexington issued its denial.

*Id.* at 9 (citation omitted).

This argument ignores the standard of review and Wisconsin's approach to bad faith claims.[1] In ruling on a motion to dismiss, the Court cannot consider what a "rational trier-of-fact" would ultimately find. *Id.* at 9. Rather, as acknowledged by Lexington itself, the Fund's allegations state a claim for bad faith. Viewing those allegations in a light most favorable to the Fund, the bad faith claim must clearly survive dismissal at this stage. The Fund is entitled to utilize the discovery process to substantiate its allegations and, as seems likely, obtain its own expert evaluation of the cause of the fire. The Court need not enter the fray between the parties about the import of the Report and its interaction with the applicable policy language. That is a matter for the trier of fact or, if the facts are undisputed, summary judgment.

This conclusion is buttressed by *every one* of Lexington's citations applying Wisconsin law, which addressed bad faith claims at the summary judgment stage or after a trial and, if dismissing them, did so on the

---

[1]This Court sits in diversity, (Docket #1-1 at 4 and #43 at 5), and therefore the law of Wisconsin controls, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

undisputed facts at hand.[2] Lexington has not presented a single case wherein a bad faith claim was dismissed at the pleading stage, much less one comparable to the allegations presented here. This Court will not be the first to entertain dismissal of a bad faith claim in this manner. In essence, Lexington wants to show that the Fund has no evidence for its bad faith claim before the Fund has been afforded an opportunity to seek that very evidence in this litigation. The Court will not countenance this approach.

The Court closes by addressing an erroneous position underlying Lexington's motion. Lexington cites the Report as part of the proposition that "[w]hen a written instrument that is a part of the pleadings contradicts allegations in the complaint, the written instrument trumps the allegations." (Docket #54 at 6). The actual rule is, however, that "[w]hen an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (emphasis added). For the Report

---

[2]*Anderson* was decided at the motion to dismiss stage, but this was because it recognized the bad faith cause of action in Wisconsin. *Anderson*, 271 N.W.2d at 376-77. The following cases addressed bad faith on summary judgment: *Smith v. United of Omaha Life Ins.*, 15-CV-1344-JPS, 2016 WL 4133535 (E.D. Wis. Aug. 3, 2016); *Samuels Recycling Co. v. CNA Ins. Cos.*, 588 N.W.2d 385, 391-92 (Wis. App. 1998); *Trzebiatowski v. State Farm Mut. Auto. Ins. Co.*, No. 2014-AP-1068, 2016 WL 635187, at *7-8 (Wis. App. 2016); *Hird v. Am. Family Mut. Ins. Co.*, No. 2014-AP-2402, 2015 WL 7458869, at *3-7 (Wis. App. 2015); *Ullerich v. Sentry Ins.*, 824 N.W.2d 876, 883-85 (Wis. App. 2012); *Tripalin v. Am. Family Mut. Ins. Co.*, No. 2015-AP-1330, 2016 WL 1370129, at *2-4 (Wis. App. 2016); *Advance Cable Co., LLC v. Cincinnati Ins. Co.*, No. 13-CV-229, 2014 WL 975580, at *12-15 (W.D. Wis. Mar. 12, 2014); *Watertown Tire Recyclers, LLC v. Nortman*, No. 2010-AP-305, 2011 WL 166100, at *12-13 (Wis. App. 2011).

The following cases addressed bad faith after a trial on the matter: *Johnson v. Am. Family Mut. Ins. Co.*, 287 N.W.2d 729, 724-37 (Wis. 1980); *Winter v. Seneca*, No. 2011-AP-42, 2011 WL 5924465 (Wis. App. 2011); *Mills v. Regent Ins. Co.*, 449 N.W.2d 294 (Wis. App. 1989).

to "incontrovertibly contradict" the Fund's allegations, the Fund would have to agree that its findings and conclusions are indisputable. The Fund clearly does not and apparently initiated this litigation to prove just that.

Further, as before, Lexington cites no cases employing this rule under similar circumstances. *See N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449 (7th Cir. 1998) (on constitutional claims, finding that statements in letters attached to a complaint did not automatically trump allegations therein); *Thompson v. Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) (an exhibit submitted by the plaintiff himself could be used to contradict his allegations in support of a motion to dismiss); *Bogie*, 705 F.3d at 610-12 (on claim of invasion of privacy due to unauthorized filming, district court's use of the film to judge the extent of the alleged "privacy" was appropriate). The *Northern Indiana* court noted the importance of determining whether a document formed the basis of the plaintiff's claims. It held:

> When the document itself forms the basis for the allegation, the document must be examined as a whole. . . . When the exhibit, however, is not the subject of the claim, Rule 10(c) does not require a plaintiff to adopt every word within the exhibits as true for purposes of pleading simply because the documents were attached to the complaint to support an alleged fact. A blanket adoption rule makes sense in the context of an attached contract or loan agreement because the contract represents an agreement between two or more parties to which the law binds them. We are not inclined to apply such a rule in the case of letters written by the opposition for what could be self-serving purposes.

*Northern Indiana*, 163 F.3d at 455. Here, Lexington's conduct in investigating and denying the Fund's claim provides the basis for the bad faith count, not the Report prepared by Lexington's experts. The Court is thus not required to assume its truth, and has not done so. Its truth is, again, an issue of fact

which must be addressed at the appropriate juncture in the adversarial process which, in this case, may very well prove to be a trial on the merits.

Accordingly,

**IT IS ORDERED** that the defendant Lexington Insurance Company's motion to dismiss (Docket #53) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge