# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STATE OF WISCONSIN LOCAL GOVERNMENT PROPERTY INSURANCE FUND,<br><br>       Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, THE CINCINNATI INSURANCE COMPANY, and MILWAUKEE COUNTY,<br><br>       Defendants. | Case No. 15-CV-142-JPS<br><br>**ORDER** |

On May 9, 2017, the parties filed a letter indicating that they have stipulated to the entry of a protective order submitted to the Court's proposed order e-mail address. (Docket #81). The parties request that the Court enter a protective order so that they may avoid the public disclosure of confidential information and documents. Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L. R. 26(e).

The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets…and other facts that should be held in

confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. Fed. R. Civ. P. 26(c); *see, e.g.*, *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders—such as the one in this case—are narrowly tailored and permissible, when it finds that two factors are satisfied:

(1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

(2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945).

The parties have requested the protective order in this case in good faith. This action involves a dispute over insurance coverage for a fire at the Milwaukee County Courthouse. (Docket #1-2). The discovery process will involve the exchange of sensitive business and insurance-related materials. The Court thus finds that there is good cause to issue the requested protective order.

However, the Court finds that a slight change is necessary to maintain compliance with the above-cited precedent. The proposed order requires sealing, in whole or in part, of all confidential documents. This departs from the Court's desire to ensure that every phase of the trial occurs

in the public eye to the maximum extent possible. *See Hicklin Eng'r, L.C.*, 439 F.3d at 348. While the Court understands that some documents will need to be sealed entirely, other documents may contain only small amounts of confidential information, and so redaction of those documents may be more appropriate. The Court has modified the parties' proposed language to that effect. *See supra* Paragraph 7.

Finally, the Court must note that, while it finds the parties' proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Accordingly,

**IT IS ORDERED** that based on the parties' stipulation, (Docket #81), the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, deposition testimony, and the inadvertent production of privileged material.

**IT IS THEREFORE ORDERED** that, pursuant to Fed. R. Civ. P. 26(c), Civil L. R. 26(e), and Federal Rule of Evidence 502:

1. **Nondisclosure of "Confidential" Documents.**

Any party or third-party may designate information disclosed as "CONFIDENTIAL". A "Confidential" document means any document

produced in this litigation which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection. "Confidential" material shall include non-public commercial or financial information, proprietary information, confidential data and other commercially sensitive business information. For purposes of this order, the term "document" means, all written, recorded, or graphic material, including electronically stored information, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise, and shall include interrogatory answers, responses to requests for admission, and other discovery responses that quote, summarize, or contain material entitled to protection.

Except with the prior written consent of the party or other person originally designating a document produced in this litigation to be stamped as a "Confidential" document, or as hereinafter provided under this Order, no document produced and designated as "Confidential" in this litigation may be disclosed to any person or entity.

**2.     Permissible Disclosures of "Confidential" Documents.**

(a)     Notwithstanding Paragraph 1, "Confidential" documents may be disclosed to the parties to this action; counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons or entities that are clearly identified in the document as an author, addressee, or carbon-copy recipient; to court

officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). "Confidential" documents shall be used solely for the prosecution and defense of the claims in this action. Subject to the provisions of Paragraph 2(b), such documents may also be disclosed:

 (1) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

 (2) to persons noticed or subpoenaed for deposition or designated as trial witnesses to the extent reasonably necessary to prepare to testify or to render testimony, provided, however, that if the witness refuses to sign the Agreement attached as Exhibit A, the witness will not be allowed to retain a copy of such document and the document will not be attached as an exhibit to the deposition;

 (3) to outside consultants or experts retained for the purpose of assisting counsel in the litigation; and

 (4) to entities and employees of entities involved solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system;

(b) In all such cases where disclosure is to be made to any person or entity listed in Paragraph 2(a)(1)-(3), such individual and/or entity must sign the Confidentiality Agreement annexed hereto as Exhibit A. Any individual or entity listed in Paragraph 2(a)(1)-(3) that refuses to sign Exhibit A shall not be permitted to have access to or view the "Confidential"

document, except as provided in Paragraph 2(a)(2) above. The attorney making or seeking to make the disclosure shall maintain each executed Confidentiality Agreement in his/her files.

3. **"Attorneys' Eyes Only" Documents**

Any party of third-party may also designate extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means as "Attorneys' Eyes Only". An "Attorneys' Eyes Only" document means any document produced in this litigation which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Attorneys' Eyes Only" to signify that it contains information believed to be subject to protection. Except with the prior written consent of the party or other person originally designating a document produced in this litigation to be stamped as a "Attorneys' Eyes Only" document, or as hereinafter provided under this Order, no document produced and designated as "Attorneys' Eyes Only" in this litigation may be disclosed to anyone other than outside counsel for the parties in this litigation or any in-house attorneys employed by a party.

The Parties pledge to use good faith in the use of the "Attorneys' Eyes Only" designation but recognize that certain third-parties are unwilling to produce certain information, including but not limited to proprietary pricing information they use to charge their customers.

4. **Declassification.**

A party (or aggrieved person permitted by the Court to intervene for such purpose) may object to the designation of a document or category of

documents as "Confidential" or "Attorneys' Eyes Only" by first stating such objection in writing to the designating party. The objecting party or aggrieved person must specify to the designating party in writing the information in issue and the grounds for questioning the confidentiality designation. The designating party shall respond in writing within five (5) days by either agreeing to change the designation or explaining the grounds for the designation. If the parties cannot agree on a proper designation for the document(s), the objecting party or aggrieved person may apply to the Court for ruling that a document or category of documents designated as "Confidential" or "Attorneys' Eyes Only" is not entitled to such status and protection. The document, however, shall maintain its original designation as "Confidential" or "Attorneys' Eyes Only" until the Court resolves the dispute over the applicable designation. Nothing in this Order shall be deemed to allocate or reallocate any substantive burdens with respect to confidentiality, which shall be determined in accordance with governing law.

**5. Use of "Confidential" and "Attorneys' Eyes Only" Documents in a Deposition.**

(a) A deponent may during the deposition be shown and examined about a "Confidential" and "Attorneys' Eyes Only" document. Deponents shall not retain or copy any "Confidential" and/or "Attorneys' Eyes Only" document that is provided to them during the course of their deposition.

(b) In the event that any question is asked at a deposition that requires the disclosure of "Confidential" and/or "Attorneys' Eyes Only" information, such question shall nonetheless be answered by the witness

fully and completely. At the request of the party designating discovery material as "Confidential" and/or "Attorneys' Eyes Only," all persons other than the witness, counsel, and the court reporter shall leave the room during the time this information is disclosed or discussed. The attorney designating the information as "Confidential" and/or "Attorneys' Eyes Only" may also contemporaneously notify all other counsel on the record that the information disclosed will be designated as "Confidential" and/or "Attorneys' Eyes Only" in accordance with Paragraph (7)(c).

(c) Parties (and deponents) may, within twenty-one (21) days after receiving the official deposition transcript, designate all, or specific portions, of the transcript and exhibits thereto as "Confidential" and/or "Attorneys' Eyes Only." "Confidential" and/or "Attorneys' Eyes Only" information within the deposition transcript may be designated by underlining the portions of the pages that contain "Confidential" and/or "Attorneys' Eyes Only" information and marking such pages with one of the following legends: "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Until expiration of the 21-day period, the entire deposition will be treated as subject to the protection afforded to "Confidential" and/or "Attorneys' Eyes Only" documents. If a timely designation is made, the "Confidential" and/or "Attorneys' Eyes Only" portions and exhibits shall be subject to the terms of this Protective Order and may only be accessed and reviewed in accordance with the terms contained in this Protective Order.

**6. Use of "Confidential" and "Attorneys' Eyes Only" Documents at a Hearing or Trial.**

This Order shall not apply to the treatment to be given at the trial of

this action to any information designated as "Confidential" or as "Attorneys' Eyes Only**."** Such treatment shall be subject to subsequent order of this Court.

**7.     Use of "Confidential" and "Attorneys' Eyes Only" Documents and Information in Legal Documents.**

Any information or documents designated as "Confidential" or "Attorneys' Eyes Only" filed with the Court must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court via the CM-ECF system. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal. Nothing contained herein limits a producing party's use or disclosure of its own discovery material.

**8.     Subpoena by Other Courts or Agencies and Third-Party FOIA/Public Records Requests.**

If another court or an administrative agency subpoenas or orders production, or an FOIA/public record request may include or specifically request production of, "Confidential" and/or "Attorneys' Eyes Only" documents that a party has obtained under the terms of this order, such party shall notify by telephone and in writing within five (5) business days of receipt of such subpoena, order, or FOIA/public record request, counsel for the party or other person who designated the document as "Confidential" and/or "Attorneys' Eyes Only" and must identify in writing the information sought and enclose a copy of the subpoena, order, or FOIA/public record request.   In the event of a FOIA/public record request

the burden for objecting, quashing, or otherwise initiating an appropriate action to prevent disclosure of the "Confidential" and/or "Attorneys' Eyes Only" documents shall lie with the party who has made the designation, but in no event shall a party produce "Confidential" and/or "Attorneys' Eyes Only" documents in response to a subpoena, order, or FOIA/public record request without notice and allowing the other parties reasonable time and opportunity to take appropriate action to prevent disclosure.

9. **Use.**

Persons obtaining access to "Confidential" and/or "Attorneys' Eyes Only" documents under this Order shall use the information only for the preparation and trial(s) of this litigation (including any and all subsequent proceedings in this litigation such as appeal), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings.

10. **Non-Termination.**

The provisions of this order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, "Confidential" and/or "Attorneys' Eyes Only" documents and all copies (including summaries and excerpts) shall be returned to the party or person that produced such documents or, at the option of the recipient, be destroyed, unless the producer requests the return of such documents and agrees to pay for their return. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

**11. Modification Permitted.**

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**12. Responsibility of Attorneys.**

The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of "Confidential" and "Attorneys' Eyes Only" documents.

**13. No Waiver.**

(a) Review of the "Confidential" and/or "Attorneys' Eyes Only" documents and information by counsel, experts or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or *in camera* disclosure of "Confidential" and/or "Attorneys' Eyes Only" documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality to any other documents not disclosed. Nothing contained in this paragraph shall prevent a party from moving the Court for an order declaring that a disclosure was inadvertent or unintentional.

(c) Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the "Confidential" and/or "Attorneys' Eyes Only" documents sought.

14. Except for an inadvertent disclosure, any disclosure or any use of the information protected from unauthorized disclosure under this

Order shall constitute contempt of court and any party violating this order shall be liable to the designating party for such violation. The designating party shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such violation and any relief obtained by the designating party shall be in addition to all other remedies otherwise available to the designating party.

**15.** Nothing in this Order, or any designation or declaration pursuant to this Order, shall constitute, or be used by any party as an "admission by party opponent."

Dated at Milwaukee, Wisconsin, this 17th day of May, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge