# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STATE OF WISCONSIN LOCAL GOVERNMENT PROPERTY INSURANCE FUND,<br><br>　　　　　　Plaintiff,<br>v.<br><br>LEXINGTON INSURANCE COMPANY, THE CINCINNATI INSURANCE COMPANY, and MILWAUKEE COUNTY,<br><br>　　　　　　Defendants. | Case No. 15-CV-142-JPS<br><br>**ORDER** |

On June 14, 2017, Plaintiff State of Wisconsin Local Government Property Insurance Fund (the "Fund") filed an expedited motion for a protective order. (Docket #99). The Fund seeks to quash a subpoena issued by Defendant Lexington Insurance Company ("Lexington") on a non-testifying expert it retained, Insight Forensic Accountants ("Insight"). The Court will not yet reach the substance of the parties' dispute. Civil Local Rule 37 provides that parties must confer in good faith on issues raised in discovery motions prior to filing such motions. While the literal text of the Rule applies only to motions to compel discovery, the Court finds it prudent to enforce the Rule in this context as well. The lack of a proper Rule 37 conference is evident in the parties' submissions, as their positions appear to go past each other rather than addressing the opposition's arguments directly.

Further, as is clear from counsels' competing affidavits, they do not agree that a meet-and-confer was actually held as to the Insight subpoena.

The Fund claims that attempted to call Lexington's counsel once about the matter, but that he could not be reached, and that the issues were addressed in prior e-mail communications. *See* (Docket #99-1 and #99-4). Lexington counters that the e-mails discussed different subpoenas, not the one directed to Insight. (Docket #105-3). One attempted call and one disputed set of e-mails does not satisfy the burden imposed by Rule 37. The Court will, therefore, deny the Fund's motion without prejudice. If the motion is pursued again, the Court expects that the parties will adhere to the text and spirit of Rule 37.[1]

Accordingly,

**IT IS ORDERED** that Plaintiff State of Wisconsin Local Government Property Insurance Fund's motion to quash and for protective order (Docket #99) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff State of Wisconsin Local Government Property Insurance Fund's motion for leave to file a reply (Docket #108) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[1] The Court will likewise deny as moot the Fund's request to offer a reply in support of its expedited motion. (Docket #108).