# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STATE OF WISCONSIN LOCAL GOVERNMENT PROPERTY INSURANCE FUND, | |
| Plaintiff, | Case No. 15-CV-142-JPS |
| v. | |
| LEXINGTON INSURANCE COMPANY, THE CINCINNATI INSURANCE COMPANY, and MILWAUKEE COUNTY, | **ORDER** |
| Defendants. | |

On May 17, 2017, Defendant Lexington Insurance Company ("Lexington") filed a motion to compel production of certain documents from Plaintiff State of Wisconsin Local Government Property Insurance Fund (the "Fund"). (Docket #88). Lexington sent subpoenas to three non-party engineering consultation firms the Fund had hired soon after it received Milwaukee County's (the "County") claim underlying this matter: Neenah Engineering ("Neenah"), Amset, Inc. ("Amset"), and Unified Investigations & Sciences, Inc. ("Unified). (Docket #89 at 2; Docket #92 at 2-3). The subpoenaed documents were produced to the Fund, who withheld some on the basis of the work product doctrine. (Docket #89 at 3; Docket #92 at 5). Lexington disputed the Fund's assertion of the doctrine and claimed that the Fund's privilege logs were lacking requisite detail. (Docket #89 at 3). Though the parties have since been able to agree on certain additional productions, the core of their dispute about the work product doctrine remains. (Docket #92 at 5-6).

Codified at Federal Rule of Civil Procedure 26(b)(3), the work-product doctrine is designed to serve dual purposes: (1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts. *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 621–22 (7th Cir. 2010); *see also Hickman v. Taylor*, 329 U.S. 495 (1947). The doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A); *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1022 (7th Cir. 2012). A party claiming work-product protection must show that the materials sought are: "(1) documents and tangible things; (2) prepared in anticipation of litigation or for trial; and (3) by or for a party or by or for a party's representative." *Boyer v. Gildea*, 257 F.R.D. 488, 490 (N.D. Ind. 2009) (citation omitted); *see Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983).

The Seventh Circuit notes "a distinction between precautionary documents 'developed in the ordinary course of business' for the 'remote prospect of litigation' and documents prepared because 'some articulable claim, likely to lead to litigation, [has] arisen.'" *Sandra T.E.*, 600 F.3d at 622 (quoting *Binks*, 709 F.2d at 1120). Only documents prepared in the latter circumstances receive work-product protection. *Sandra T.E.*, 600 F.3d at 622. "While litigation need not be imminent, the primary motivating purpose behind the creation of a document or investigative report must be to aid in possible future litigation." *Binks*, 709 F.2d at 1119 (citation omitted). In other words, the party seeking work product protection must point to "objective facts establishing an identifiable resolve to litigate[.]" *Id.* (citation omitted).

"[D]ocuments that are created in the ordinary course of business or that would have been created irrespective of litigation are not under the protection of the work product doctrine." *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 195 F.R.D. 610, 614 (N.D. Ill. 2000) (citation omitted). Thus, "whether a document is protected depends on the motivation behind its preparation, rather than on the person who prepares it." *Id.* at 615.

Judge Foster of the Southern District of Indiana provides an excellent formulation of this standard as applied to insurance companies:

> Based on [its] review of the law, the Court concludes that Fed. R. Civ. P. 26(b)(3) requires that a document or thing produced or used by an insurer to evaluate an insured's claim in order to arrive at a claims decision in the ordinary and regular course of business is not work product regardless of the fact that it was produced after litigation was reasonably anticipated. It is presumed that a document or thing prepared before a final decision was reached on an insured's claim, and which constitutes part of the factual inquiry into or evaluation of that claim, was prepared in the ordinary and routine course of the insurer's business of claim determination and is not work product. Likewise, anticipation of litigation is presumed unreasonable under the Rule before a final decision is reached on the claim. The converse, of course, is presumed for documents produced after claims denial. To overcome these presumptions, the insurer must demonstrate, by specific evidentiary proof of objective facts, that a reasonable anticipation of litigation existed when the document was produced, and that the document was prepared and used solely to prepare for that litigation, and not to arrive at a (or buttress a tentative) claim decision.

*Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 663-64 (S.D. Ind. 1991).

The Court finds that the subject documents are not entitled to protection under the work product doctrine. Preliminarily, it is important to note that the Fund bears the burden to prove that the doctrine applies. It

has not carried this burden for three reasons. First, in accordance with *Harper*, the Court presumes that the Fund's investigation was part of its business as an insurance company to evaluate the County's claim. The Fund may have defeated this presumption by showing that it made a final decision on the County's claim at a certain point, thereby establishing at least an arguable basis for work product protection after that time. The Fund has made no such argument.[1]

Second, the parties disagree on the proper standard to determine what is "prepared in anticipation of litigation." The Fund maintains that its investigation efforts can have multiple purposes, namely adjusting a claim and anticipating litigation, and still merit protection, so long as the anticipation purpose is primary. Lexington counters that dual purposes defeat an assertion of the work product doctrine, and that in any event, the anticipating litigation purpose must be proven by objective facts establishing "a substantial and significant threat of litigation[.]" *MSTG, Inc. v. AT&T Mobility LLC*, No. 08-C-7411, 2011 WL 221771, at *9 (N.D. Ill. Jan. 20, 2011) (quotation omitted).

The Court believes that in the context of insurance companies, as observed by *Harper*, the standard favors Lexington's formulation. To that end, the testimony of the Fund's manager does not provide objective facts demonstrating a threat of litigation beyond what attends the business of insurance companies. The fact that the claim was large, the investigation was extensive, and the possibility of subrogation or reinsurance was

---

[1] The Fund refers to the fact that as of August 2, 2013, it had already "advanced" $4 million on the claim. (Docket #92 at 4). It says nothing about the status of the claim as a whole, and the word "advanced" suggests that a final decision had not yet been made.

present does not show a qualitative difference between this case and any normal claim investigation and adjustment. The other primary fact the Fund relies on is Lexington's "combative attitude" from the outset of the investigation. (Docket #93 at 4). This too is common for insurers; they are generally loathe to quickly acknowledge coverage and make payments. In sum, it is clear that the Fund could rightly anticipate litigation after it received Lexington's final decision to deny coverage. Prior to that time, however, the Fund has not convinced the Court that its primary aim in hiring the subject consultants was to fight Lexington rather than carrying out its own investigation duties.

Third, the Fund gestures at an argument that the consultant firms' files are protected from discovery because they are non-testifying experts. *See* Fed. R. Civ. P. 26(b)(4)(D) ("Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."). Though the Fund references this position in the introduction and statement of facts portions of its brief, it fails to develop the point in the argument portion. The Court will not complete the argument on the Fund's behalf. *United States v. Leo*, 792 F.3d 742, 749 (7th Cir. 2015) ("As we often warn litigants, it is not our responsibility to make the parties' arguments for them.").[2] Further, Rule 26(b)(4)(D) operates as an extension of the work product doctrine. *Appleton Papers, Inc. v. E.P.A.*, 702

---

[2]In this same vein, the Fund has not argued that Lexington's request is improper on any ground besides a violation the work product doctrine, such as overbreadth, undue burden, or not being subject to proper time constraints. The Court will, therefore, grant Lexington precisely what it asked for.

F.3d 1018, 1024 (7th Cir. 2012). For the same reasons discussed above, that doctrine does not apply to the consultants' work.

Finally, the Court notes that the Fund's response mentions its desire for the Court to compel more complete privilege logs from Lexington. (Docket #92 at 11-12). This is not presented in the form of a motion, nor does the Fund offer a Civil Local Rule 37 certification as to its discussions with Lexington on this issue. The Court cannot, therefore, compel Lexington to do anything with respect to its privilege logs. The Court nevertheless trusts that all parties will provide the most complete document productions possible, including appropriately detailed privilege logs, and revise any that are outstanding which may not meet the applicable requirements. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *Brooks v. Gen. Cas. Co. of Wis.*, No. 06-C-996, 2007 WL 218737, at *2 (E.D. Wis. Jan. 26, 2007) (describing level of detail required in a privilege log, lest the desired privilege be waived entirely).

Accordingly,

**IT IS ORDERED** that Defendant Lexington Insurance Company's motion to compel (Docket #88) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff State of Wisconsin Local Government Property Insurance Fund produce:

1. All documents withheld from the Unified production;
2. All documents withheld form the Neenah production;
3. All documents withheld from the Amset production created before November 24, 2014, as well as the eight emails listed on page 20 of 32 of the Amset log dated November 25, 2014 and December 1, 2014.

Dated at Milwaukee, Wisconsin, this 28th day of June, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge