# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STATE OF WISCONSIN LOCAL
GOVERNMENT PROPERTY
INSURANCE FUND,

        Plaintiff,

v.

LEXINGTON INSURANCE
COMPANY, THE CINCINNATI
INSURANCE COMPANY, and
MILWAUKEE COUNTY,

        Defendants.

Case No. 15-CV-142-JPS

**ORDER**

        This action was filed by Plaintiff State of Wisconsin Local Government Property Insurance Fund (the "Fund") in Milwaukee County Circuit Court. (Docket #1-2 at 4-24). The Fund's complaint named each of the current defendants. *Id.* Defendant Lexington Insurance Company ("Lexington") removed the case to this Court on February 4, 2015, solely on the basis of diversity jurisdiction. (Docket #1). This is facially questionable; the Fund and Defendant Milwaukee County (the "County") are both citizens of Wisconsin. Lexington's notice of removal argued that the Fund sought no relief from the County in its complaint—none of the counts are expressly directed at the County—and that this case was purely a dispute between the three insurance carriers. *Id.* The County was, in Lexington's view, fraudulently joined to this action by the Fund for purposes of defeating diversity jurisdiction and ensuring that the matter would stay in state court. *Id.*

The Fund apparently disputed this—it filed a motion to remand just a few weeks later. (Docket #14). After briefing on the motion proceeded for a month, however, the Fund withdrew the motion. (Docket #25). As Lexington noted in its notice of removal and response to the remand motion, a fraudulently joined party like the County should be treated as a "nominal" defendant, whose presence has no effect on the Court's jurisdiction. *TI Investors of Wis., LLC v. XFPG, LLC*, No. 13-CV-520-JPS, 2013 WL 3731756, at *2 (E.D. Wis. July 15, 2013). With the withdrawal of the remand motion, and without further motion practice from the parties or a ruling from the Court, the County continued in this action in limbo: is it, or is it not, a nominal defendant?

The question should have been addressed long ago. As the Seventh Circuit instructs,

> [w]hen joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court. These are the only options; the district court may not permit joinder of a nondiverse defendant and retain jurisdiction.

*Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (citation omitted). This nettlesome issue is again before the court in the form of the County's short motion filed on June 15, 2017, for judgment on the pleadings, on the basis that no party asserted any claims against it. (Docket #100). The Fund opposed that motion, asserting that it did have a valid claim as to the County. (Docket #115).

In addition, the Fund filed an expedited motion to amend its complaint to add an explicit count seeking relief against the County. (Docket #116). Lexington responded to the motion on July 12, 2017. (Docket

#118). Lexington first argues that allowing amendment at this stage is overly prejudicial. Second, it notes the problem that the Court has just explained: if the County has viable claims against it, diversity in this case is destroyed and remand is required.

The Fund certainly should not be lauded for leaving its claims in an uncertain state for so long. However, even with the withdrawal of the remand motion, all parties with an interest in the issue should have addressed the matter of the County's "nominal" status. The Court itself is not without blame, for it too is obliged to police issues of subject matter jurisdiction even without prompting by litigants. *Evergreen Square of Cudahy v. Wis. Housing and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015).

This delay, in turn, bears on the propriety of amendment at this juncture. Federal Rule of Civil Procedure 15 provides that leave to amend a pleading should be freely given when justice requires it. Fed. R. Civ. P. 15(a)(2). However, "the court need not allow an amendment when there is undue delay [or] undue prejudice to the opposing party[.]" *Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016) (quotation omitted). Again, all parties are responsible for the "undue delay" in addressing this issue. Further, the Court finds that the prejudice to Defendants is more limited than it may appear. The parties' discovery efforts thus far can be applied equally to this litigation whether it is in federal or state court, and dispositive motions are not yet fully briefed.[1] In light of the liberal standard for amendment of pleadings, the Court finds that the Fund should be granted leave to do so.

---

[1] The Fund further notes that the parties were on notice of its claim against the County from the outset in light of the motion to remand. While true, this is yet another reason why the County's status should have been resolved long ago.

However, the Court will not issue a final ruling on the Fund's motion. It leaves the following choice to the Fund. If the Fund genuinely desires to assert a claim against the County and wishes to maintain it in this litigation, the Court will grant the motion for leave to amend and the case will be remanded back to the Milwaukee County Circuit Court. On the other hand, if the Fund declines to advance its putative claim against the County in this case, the motion for leave to amend will be denied and the County's motion for judgment on the pleadings will be granted forthwith. The Fund will be granted leave to make this election and so advise the court in a written submission which must be filed before **2:00 p.m.** on **Monday July 17, 2017**.

Accordingly,

**IT IS ORDERED** that Plaintiff State of Wisconsin Local Government Property Insurance Fund shall submit its election on its putative claim against Defendant Milwaukee County in accordance with the terms of this Order no later than **Monday**, **July 17, 2017 at 2:00 p.m.**

Dated at Milwaukee, Wisconsin, this 13th day of July, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge