# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STATE OF WISCONSIN LOCAL GOVERNMENT PROPERTY INSURANCE FUND,<br><br>Plaintiff,<br>v.<br><br>LEXINGTON INSURANCE COMPANY and THE CINCINNATI INSURANCE COMPANY,<br><br>Defendants. | Case No. 15-CV-142-JPS<br><br>**ORDER** |

### I.      MOTION TO BIFURCATE

On November 8, 2017, Defendant Lexington Insurance Company ("Lexington") filed a motion to bifurcate the trial of this case, such that two separate trials would be held for it and for Defendant The Cincinnati Insurance Company. (Docket #187). Lexington makes its request pursuant to Federal Rule of Civil Procedure 42(b), which permits the bifurcation of a case for trial "[f]or convenience, to avoid prejudice, or to expedite and economize." The Court declines to exercise its discretion as Lexington requests. *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) ("The ultimate decision to order a separate trial under Rule 42(b) is at the court's discretion and will be overturned only upon a clear showing of abuse."). Though the claims presented against each defendant are separate, they stem from a common nucleus of fact. Having separate trials would result in substantial repetition of testimony and evidence. The Court cannot countenance such waste in a matter that has already consumed a great deal

of taxpayer resources. Having another, later trial would also impinge on the Court's prerogative to conclude the matter expeditiously, as well as violate the Court's prior admonition that no further extensions of the trial date would be considered. (Docket #140).

## II. MOTION TO COMPEL

On August 29, 2017, Plaintiff State of Wisconsin Local Government Property Fund (the "Fund") filed a motion to compel directed at certain discovery responses from Defendant Lexington Insurance Company ("Lexington"). As explained below, the motion must be granted in part and denied in part. In light of the rapidly approaching trial date, and thus the parties' need for timely guidance on this matter, the Court's order is brief and assumes complete familiarity with facts and arguments addressed in the underlying motion papers. The Court addresses each subject discovery request separately. Preliminarily, the Court notes that it takes a broad view on discoverability in accordance with the rules of procedure. Fed. R. Civ. P. 26(b)(1). Issues of admissibility and ultimate relevance can be decided at trial. This perspective colors the Court's disposition below.

### Interrogatories

Number Four – Lexington has adequately identified a relatively small portion of its claim file to respond to this request. That this encompasses about 2,000 pages is not surprising given the size of the claim and the gravity of the issues at stake. The Fund can learn all it wishes about Lexington's investigation (or lack thereof) by examining the documents Lexington has referenced. This accords with Federal Rule of Civil Procedure 33(d), and is unlike *Derson*, where the answering party referred to 33,000 documents in responding to an interrogatory. *Derson Group, Ltd.*

*v. Right Mgmt. Consultants, Inc.*, 119 F.R.D. 396, 396 (N.D. Ill. 1988). The motion to compel is denied as to Interrogatory Four.

<u>Number Five</u> – As noted in the Court's summary judgment order, Lexington has not stated what it believes the value of the loss was from the July 6, 2013 fire. Certainly, if Lexington has its own valuation of the loss, it should provide that information. Even if a final figure was never reached, any information Lexington has on the undisputed amount of loss at the Courthouse is relevant to the Fund's claims. The motion to compel is granted as to Interrogatory Five.

<u>Number Seven</u> – Given the statements in the briefing, it is not clear whether subsequent depositions have rendered this request moot. If not, Lexington must provide a straightforward answer to the interrogatory. The Fund is entitled to use interrogatories to obtain discoverable information, and Lexington does not argue that this information is not discoverable. The motion to compel is granted as to Interrogatory Seven.

<u>Number Ten</u> – Lexington is correct that the interrogatory does not actually seek its internal standards and policies for investigating claims. Likewise, the Fund is correct that Lexington's response is inadequate with respect to industry standards and practices. "Wisconsin law" is not an insurance industry standard or practice "for the investigation, evaluation, repair and/or replacement of structures[.]" (Docket #143-2 at 8). Lexington must appropriately identify the industry standards it used in investigation of the Fund's claim. The motion to compel is granted as to Interrogatory Ten.

<u>Numbers Twelve, Thirteen, and Seventeen</u> – A mere reference to documents does not meaningfully respond to these requests. The Fund is entitled to a prose response to its interrogatories concerning the bases for

certain of Lexington's affirmative defenses. Though Lexington complains of the burden in doing so, it chose to advance the affirmative defenses. If it cannot identify the factual bases of the defenses, the defenses should be withdrawn. Finally, Lexington's reference to privilege is a non-starter; every claim or defense in a case is (hopefully) developed in consultation with a party's legal counsel. That does not bring the factual and legal bases for the claims or defenses within the confines of a privilege. The motion to compel is granted as to Interrogatories Twelve, Thirteen, and Seventeen.

**Requests for Production**

Number Six – Lexington's response on this point states only that it produced "its internal claims handling policies and standards in effect during the 2013 and 2014 time-period." (Docket #149 at 9). This is not only less than the full scope of the documents requested, but it also fails to account for the year 2012 as well. Further, as noted by the Fund, Lexington must produce entire, complete documents, including the materials that may be cross-referenced within. *See* (Docket #154 at 6) (discussing lack of hyperlinked materials). The motion to compel is granted as to Request for Production Six.

Numbers Seven, Ten, and Twelve – The documents providing information on Lexington's reserves may lead to other relevant and admissible evidence. Whether or not this is admissible, and what the value of the evidence is (as Lexington's brief mentions, reserves are largely an accounting or business concern), does not render the information non-discoverable. The motion to compel is granted as to Requests for Production Seven, Ten, and Twelve.

Request Eight – As with Requests for Production Seven, Ten, and Twelve, the actual value and admissibility of this evidence is disputable.

However, the possibility that it may lead to the discovery of admissible evidence has not been foreclosed. The motion to compel is granted as to Request for Production Eight.

Accordingly,

**IT IS ORDERED** that Defendant Lexington Insurance Company's motion to bifurcate (Docket #187) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff State of Wisconsin Local Government Property Insurance Fund's motion to compel (Docket #141) be and the same is hereby **GRANTED in part** and **DENIED in part** in accordance with the terms of this Order.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge